■ In the Matter of DALIDA P. et al., Appellant. [612 NYS2d 223] —In two proceedings for the appointment of the paternal aunt of two infant children as their guardian, the petitioner appeals from an order of the Family Court, Kings County (Esquirol, J.), dated July 31, 1992, which dismissed the petitions.

Ordered that the order is reversed, on the law, without costs or disbursements, and the petitions are granted, and the matter is remitted to the Family Court, Kings County, for entry of appropriate guardianship orders.

In these two uncontested guardianship proceedings, the court dismissed the petitions, finding that the petitioner was not related by blood or marriage to the children. The Family Court opined that an adoption proceeding, rather than a guardianship prcceeding, would best serve the interests of the children.

Contrary to the court's findings, the evidence presented to the court established that the petitioner was the children's paternal aunt. In any event, SCPA 1703, which is applicable to the instant proceedings (see, Family Ct Act § 661), provides that a guardianship proceeding may be brought by "any person", and does not require a blood or marriage relationship. Moreover, the court's suggestion that the petitioner bring an adoption proceeding instead of a guardianship proceeding was clearly an improper basis upon which to dismiss the otherwise proper guardianship petitions that the petitioner was entitled, by law, to file.

The evidence presented to the court in support of the petitions establishes that the interests of the children will be

promoted by the petitioner's appointment as their guardian *(see,* SCPA 1707). Accordingly, the petitions are granted. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.