■ In the Matter of the Adoption of EMMA M., an Infant, Appellant. [902 NYS2d 651]—

In an adoption proceeding pursuant to Domestic Relations Law article 7, the petitioner appeals from an order of the Family Court, Kings County (Lynch, J.H.O.), dated May 6, 2009, which, upon renewal and reargument, adhered to an original determination in an order dated February 25, 2009, denying her motion for the issuance of an order declaring that she is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her biological parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in her best interest to be returned to her previous country of nationality or last habitual residence, so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order dated May 6, 2009, is reversed, on the law and the facts, without costs or disbursements, upon renewal and reargument, the determination in the order dated February 25, 2009, denying her motion for the issuance of an order declaring that she is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her biological parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in her best interest to be returned to her previous country of nationality or last habitual residence is vacated, the motion for that relief is granted, it is declared that the petitioner is dependent on the Family Court, and it is found that the petitioner is unmarried and under 21 years of age, that reunification with one or both of her biological parents is not viable due to parental neglect and abandonment and that it would not be in the petitioner's best interest to be returned to Granada, her previous country of nationality and last habitual residence.

Insofar as relevant here, a person may apply to the United States Citizenship and Immigration Services for "special immigrant juvenile status" when (1) he or she is under the age of 21 years and is unmarried, (2) a juvenile court has declared that it is not viable that he or she be reunited with one or both parents due to "abuse, neglect, abandonment, or a similar basis found under State law," and that it would not be in the applicant's best interest to be returned to his or her previous country of nationality or country of last habitual residence, and (3) the applicant has been legally committed to an individual appointed by a juvenile court (8 USC § 1101 [a] [27] [J], as amended by Pub L 110-457, 122 US Stat 5044; *see* 8 CFR 204.11).

The petitioner, a native of Grenada, is unmarried, is under 21 years of age, and has lived in the United States since 2003. Her mother has been deceased for many years. Her father, who continues to reside in Grenada, neglected and largely ignored her throughout her life. Moreover, the petitioner's father consented to her adoption by the Brooklyn couple with whom she now lives. In 2006, when the petitioner was 16 years old, the Family Court approved the adoption. In early 2009, shortly after her 18th birthday, in the context of the adoption proceeding, the petitioner moved the Family Court for the issuance of an order making the declaration and findings necessary to allow her to apply for special immigrant juvenile status. In an order dated February 25, 2009, the Family Court denied the motion, and, in an order dated May 6, 2009, adhered to its original determination upon renewal and reargument. We reverse the order dated May 6, 2009, and, upon renewal and reargument, we grant the motion.

The record before the Family Court on the petitioner's motion for leave to renew and reargue established that she is unmarried and under 21 years of age, and by reason of her adoption, had been legally committed by the Family Court to her adoptive parents, who were appointed by the Family Court when it approved the adoption. Further, the record established that the petitioner's reunification with her parents was not viable in view of her biological mother's death and her biological father's neglect and abandonment of her, culminating in his consent to her adoption. Finally, the evidence established that it would not be in the petitioner's best interest to be returned to Grenada (cf. Matter of Antowa McD., 50 AD3d 507 [2008]). Rivera, J.P., Fisher, Florio and Austin, JJ., concur.