■ In the Matter of JISUN L., Petitioner, v YOUNG SUN P. et al., Respondents. IMEL P., Nonparty Appellant. [905 NYS2d 633]—

In a proceeding pursuant to Family Court Act article 6 for the appointment of the petitioner as guardian of Imel P., a person under 21 years of age, Imel P. appeals from an order of the Family Court, Kings County (Sheares, J.), dated April 6, 2010, which, after a hearing, in effect, denied his motion for the issuance of an order declaring that he is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in his best interest to be returned to his previous country of nationality or last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion is granted, it is

declared that Imel P. is dependent on the Family Court, and it is found that Imel P. is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse and neglect, and that it would not be in his best interest to be returned to South Korea, his country of nationality and last habitual residence.

The appellant, Imel P. (hereinafter Imel), a native of South Korea, has lived in the United States with his aunt, the petitioner Jisun L., and her husband, since 2008. In November 2009 the petitioner commenced the instant proceeding in the Family Court, Kings County, seeking to be appointed Imel's guardian. In connection with the petition, Imel moved for the issuance of an order declaring that he is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in his best interest to be returned to his previous country of nationality or last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), "a gateway to lawful permanent residency in the United States" (*Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]). After conducting a hearing at which Imel and the petitioner testified, the Family Court, in effect, denied Imel's motion. Imel appeals, and we reverse.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a State or juvenile court (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793 [2010]). In addition, for a juvenile to qualify for special immigrant juvenile status, a court must find that the juvenile's reunification with one or both parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law (*see* 8 USC § 1101 [a] [27] [J] [i]; *see also Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793 [2010]), and that it would not be in the juvenile's best interest to be returned to his or her country of nationality or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *see also Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793 [2010]).

This Court's power to review the evidence is as broad as that

of the hearing court (*id.* at 795). Moreover, "where, as here, the record is sufficiently complete to make our own factual determinations . . . we may do so" (*id.* [internal quotation marks and citation omitted]). Here, the record reveals that Imel is under 21 years of age and unmarried. Further, the record reveals that the Family Court appointed the petitioner as Imel's guardian and, as such, Imel is dependent on a juvenile court within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793 [2010]; *Matter of Antowa McD.*, 50 AD3d 507 [2008]).

In addition, the record reveals that Imel's parents abused and neglected him and that, as a result, reunification with either parent is not a viable option (*see Matter of Emma M.*, 74 AD3d 968 [2010]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793 [2010]; *Matter of Antowa McD.*, 50 AD3d at 507). Finally, the record reflects that it is in Imel's best interest to continue living with the petitioner in the United States and, thus, that it would not be in his best interest to be returned to South Korea (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793 [2010]; *Matter of Antowa McD.*, 50 AD3d at 507).

Accordingly, we make the declaration and special findings as indicated. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.