■ In the Matter of Mohamed. B., Appellant. Cynthia C., Petitioner, et al., Respondent. [921 NYS2d 145]—

In a guardianship proceeding pursuant to Family Court Act article 6, the subject child, Mohamed B., appeals from an order of the Family Court, Kings County (Sheares, J.), dated March 11, 2010, which, after a hearing, in effect, denied his motion for the issuance of an order declaring that he is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in his best interest to be returned to his previous country of nationality or last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion is granted, it is declared that Mohamed B. is dependent on the Family Court, and it is found that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect and abandonment, and that it would not be in the best interest of Mohamed B. to return to Sierra Leone, his previous country of nationality or last habitual residence.

Mohamed B., a native of Sierra Leone, is 19 years old and unmarried. Mohamed lived primarily with his grandmother and older brother while growing up in Sierra Leone, and testified that, during the limited time that he lived with his parents, his father beat him regularly and both parents neglected him. He also testified that when he lived with other family members, his parents did not provide him with emotional or financial support. Mohamed's father died in Sierra Leone in 2007, and his mother remains in that country.

In 2006 Mohamed won a scholarship competition sponsored by a Connecticut church, and the church obtained a visa for him for the purpose of visiting the United States. Prior to his scheduled return to Sierra Leone, Mohamed became separated from his hosts while on a trip to Manhattan. Following the separation, he lived with natives of Sierra Leone whom he met

in New York City, and eventually enrolled in high school. Since February 2009, he has lived in New York with his former teacher. There is uncontroverted evidence that Mohamed's former teacher has provided him with financial and emotional support and the ability to pursue educational goals.

In February 2009, with Mohamed's consent, Mohamed's former teacher commenced this proceeding, seeking to be appointed as his guardian. Two months later, Mohamed moved for an order making findings that would enable him to apply to the United States Citizenship and Immigration Services (hereinafter the USCIS) for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). Both the petition and the motion were unopposed. The Family Court granted the guardianship petition. However, after expressing concern about the circumstances surrounding Mohamed's separation from his hosts while in Manhattan, it denied the motion in an order dated March 11, 2010.

The Family Court improperly denied Mohamed's motion for the issuance of an order declaring that he is dependent on the Family Court and making specific findings that would allow him to apply to the USCIS for special immigrant juvenile status—a gateway to lawful permanent residency in the United States. Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a State or juvenile court. Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Initially, we note that the Family Court's focus on the circumstances surrounding Mohamed's separation from his hosts was unwarranted, as those circumstances had no bearing on the issues before it. Moreover, the Family Court's finding that Mohamed's testimony on the subject of his separation was incredible is not supported by the record (*see Matter of Jasmine*

*A.*, 18 AD3d 546, 548 [2005]; *Matter of New York City Dept. of Social Servs. v Carmen J.*, 209 AD2d 525, 527 [1994]).

As earlier noted, Mohamed is under the age of 21 and unmarried. Inasmuch as a guardian has been appointed for him, he is dependent on a juvenile court within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795; *Matter of Antowa McD.*, 50 AD3d 507 [2008]). Based upon our independent factual review, we find that the record fully supports Mohamed's contention that because his mother neglected and abandoned him, reunification with his mother is not a viable option (*see Matter of Alamgir A.*, 81 AD3d 937 [2011]; *Matter of Jisun L. v Young Sun P.*, 75 AD3d 510, 512 [2010]; *Matter of Emma M.*, 74 AD3d 968, 970 [2010]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 796; *Matter of Antowa McD.*, 50 AD3d at 507). Lastly, the record reflects that it would not be in Mohamed's best interest to be returned to Sierra Leone (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 796; *Matter of Antowa McD.*, 50 AD3d at 507). Covello, J.P., Eng, Hall and Roman, JJ., concur.