*870 OPINION OF THE COURT
Dennis Lebwohl, J.
This is an order to show cause seeking this court to issue a findings of fact to enable W.C. to apply to the United States Citizenship and Immigration Services for Special Immigrant Juvenile Status (SIJS) pursuant to Immigration and Nationality Act (INA) § 101 (a) (27) (J) (8 USC § 1101 [a] [27] [J] [i], [ii], as amended by Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11. The petition and order to show cause are unopposed.
The caption under which the instant petition was commenced is incorrect. The proceeding was initially brought under article 4 of the Family Court Act which involves support proceedings. Based upon W.C.’s testimony at the December 6, 2011 fact-finding hearing, and the memorandum of law and affidavits annexed in support of the order to show cause, W.C. is the movant requesting that the court issue a findings of fact pursuant to 8 CFR 204.11. Captions should be liberally construed and any defects in the form of a caption shall be disregarded unless a timely objection is made or is demonstratively prejudicial (First Wis. Trust Co. v Hakimian, 237 AD2d 249 [2d Dept 1997]; Presidential Mgt. Co. v Farley, 78 Misc 2d 610 [App Term, 2d Dept, 2d & 11th Jud Dists 1974]). All necessary parties appeared at the fact-finding hearing on December 6, 2011, and accepted service of the order to show cause which clearly set forth the basis for the relief requested therein. Throughout the hearing no objections were raised nor was there any cross-examination of WC. Accordingly the caption is amended to read as follows:
-x
In the Matter of a Proceeding for
a Special Findings for
WC.
-x
This petition is predicated upon a child support application filed by W.C.’s father under docket number F-10845-11. In support of the instant order to show cause counsel has annexed a memorandum of law, and an affidavit from WC. and H.T.C. According to these papers, Tung W.C. and Sau Y.C. are the respective father and mother of W.C., a boy born in 1991 and H.T.C., a girl born in 1993. Both children were born in Hong Kong. It is alleged that in 2006 Mr. and Mrs. C. obtained a divorce by the Hong Kong District Court, with full custody of the children given to Mr. C. In the summer of 2008 WC. and his father came *871 to the United States. H.T.C. remained in Hong Kong with her mother until she finished school. Thereafter H.T.C. joined her father and brother in the United States. W.C. and H.T.C. now reside with their father, and their mother lives elsewhere in the same city in New York.
A hearing was conducted on December 6, 2011, before Support Magistrate Lisa J. Friederwitzer, with respect to Mr. C.’s petition for child support against Mrs. C. An order of support on consent was issued on December 9, 2011 by Support Magistrate Lisa J. Friederwitzer, wherein the parties stipulated to monthly child support payments in the amount of $535.27 to be paid by Sau Y.C. to Tung WC.
After completion of the child support hearing on December 6, 2011, Tung WC., Sau Y.C., WC. and H.T.C. appeared before this court, along with Lauren A. Burke, Esq., in support of the instant order to show cause. Tung W.C. and Sau Y.C. accepted service of the order to show cause in open court. Both Mr. and Mrs. C. refused counsel and consented to proceed without counsel. A hearing was held, during which time W.C. testified. Both Mr. and Mrs. C. declined to cross-examine WC.
The Immigration Act of 1990, INA § 101 (a) (27) (J) (8 USC § 1101 [a] [27] [J], as amended by Pub L 101-649, 104 US Stat 4978), created a pathway for citizenship for immigrant minors by enabling the Department of Homeland Security to grant SIJS classification to certain immigrant minors who meet specific criteria (see Adelson, The Case of the Eroding Special Immigrant Juvenile Status, 18 J of Transnational L & Pol’y 65, 66 [fall 2008]; 76 Fed Reg 54978 [2011], proposed amendments to 8 CFR parts 204, 205 and 245). After several amendments, 8 USC § 1101 (a) (27) (J) presently provides that a child living in the United States is eligible for SIJS if the child is:
“(i) . . . declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant’s parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;
“(ii) [the juvenile court] has determined [it is not in the minor’s] best interest to be returned to [his] previous country of nationality.”
*872 The Immigration and Nationality Act is implemented by the Code of Federal Regulations. SIJS status “intertwines uniquely state jurisdiction in family law with uniquely federal jurisdiction in immigration law.” (See Lloyd, Regulating Consent: Protecting Undocumented Immigrant Children From Their (Evil) Step-Uncle Sam, or How to Ameliorate the Impact of the 1997 Amendments to the SIJ Law, 15 B U Pub Int L J 237, 238 [spring 2006].) A prerequisite to bringing an SIJS petition before the Department of Homeland Security is that the Family Court issue an order of Special findings. The Family Court must determine whether the immigrant child is:
(1) under 21 years of age;
(2) unmarried;
(3) declared dependent upon a juvenile court in accordance with state law governing such declarations of dependency;
(4) been deemed eligible by the juvenile court for long-term foster care;
(5) continues to be dependent upon the juvenile court and remains eligible for long-term foster care; and
(6) it would not be in his best interests to be returned to the country of nationality. (See 8 CFR 204.11.)
The papers filed in support of the instant petition and the testimony of W.C. satisfy the requirements of 8 CFR 204.11, with the exception of dependency upon the juvenile court. A child becomes dependent upon a juvenile court when the court accepts jurisdiction over the custody of that child, irrespective of whether the child has been placed in foster care or a guardianship situation (see In re Menjivar, Case No. A70 117 167 [INS Administrative Appeals Unit, Dec. 27, 1994]). Petitioner’s memorandum of law claims that “[a]s the family court has taken jurisdiction over W.C. and H.T.C.’s child support cases, they are ‘the subject of judicial proceedings or administrative proceedings authorized or recognized by the juvenile court . . . .’ and thus dependent on the juvenile (family) court.”
The cases cited in support of the instant petition addressed matters dealing with adoption, guardianship and custody (see exhibit M). Family Court has permitted an SIJS application only where dependency upon the court has been established by way of a guardianship or adoption (Matter of Ashley W. [Verdele F.], 85 AD3d 807 [2d Dept 2011]; Matter of Sing W.C. [Sing Y.C.—Wai M.C.], 83 AD3d 84 [2d Dept 2011]; Matter of Alamgir A., 81 AD3d 937 [2d Dept 2011]; Matter of Jisun L. v Young *873 Sun P., 75 AD3d 510 [2d Dept 2010]; Matter of Emma M., 74 AD3d 968 [2d Dept 2010]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793 [2d Dept 2010]; Matter of Antowa McD., 50 AD3d 507 [1st Dept 2008]).
The December 9, 2011 support order concerned Mr. C.’s petition seeking child support payments from Mrs. C. pursuant to Family Court Act § 413. A child support application does not address custody issues, rather it addresses a parent’s failure to pay child support to the custodial parent. Since there are no proceedings in which WC. is a litigant in this court, he cannot be declared a dependent upon this court pursuant to the Family Court Act.
A minor’s application for SIJS must be based on neglect, abandonment or abuse (see 1998 Appropriations Act, Pub L No 105-119, tit I, § 113, 111 US Stat 2440 [Nov. 26, 1997], amending 8 USC § 1101 [a] [27] [J] [i]). Although W.C. may have established a pattern of abuse by his mother, which occurred when they resided in Hong Kong, that is not the subject of the action pending in this court. Furthermore, W.C. presently resides with his father whom he concedes provides a safe environment and has little, if any, contact with his mother.
Accordingly, based upon the foregoing the petition is denied and the order to show cause is dismissed.