In a proceeding pursuant to Family Court Act article 6 for the appointment of Juan C.G. as coguardian of the child Karen C., Karen C. appeals from an order of the Family Court, Nassau County (Corrigan, J.), dated June 28, 2013, which, upon the granting of the guardianship petition in an order dated June 12, 2013, and after a hearing, denied her motion for the issuance of an order, inter alia, making special findings so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).
Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion is granted, it is declared that Karen C. is dependent on the Family Court, and it is found that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abandonment, and that it would not be in the best interests of Karen C. to return to El Salvador, her previous country of nationality and last habitual residence.
Karen C. was born in El Salvador in January 1993. Karen’s father abandoned her before she was born, and thereafter did not provide support for her and failed to communicate with her. Karen’s mother left El Salvador when the child was approximately one year old, leaving Karen in the care of her maternal grandmother. Since that time, Karen’s mother has lived in the United States. In approximately 2007, at the age of 14, Karen came to the United States, where she has lived primarily with her mother, stepfather, and three half-siblings.
In 2013 Karen filed a petition seeking the appointment of her stepfather as her coguardian with her mother. Karen also moved for the issuance of an order making special findings that would allow her to apply to the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS).
In an order dated June 12, 2013, the Family Court granted the guardianship petition. However, the court denied Karen’s motion for an order making special findings for the purpose of filing an application for SIJS. The court held that the Karen was not eligible for such an order because she failed to show that reunification with one or both of her parents was not viable and that it was not in her best interests to return to her country of origin, El Salvador.
*623 Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a juvenile “special immigrant” is a resident alien who is, inter alia, under 21 years of age, unmarried, and “declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States” (8 USC § 1101 [a] [27] [J] [i]). For the juvenile to qualify for SIJS, it must also be determined that reunification of the juvenile with “1 or both” of the juvenile’s parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (see 8 USC § 1101 [а] [27] [J] [i]; Matter of Mohamed B., 83 AD3d 829, 831 [2011]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile’s best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [б] ; Matter of Mohamed B., 83 AD3d at 831; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Here, Karen is under the age of 21 and unmarried. Inasmuch as the Family Court granted the guardianship petition and appointed her stepfather as coguardian, the child is dependent on the Family Court in that she has been “legally committed to, or placed under the custody of . . .an individual or entity appointed by a State or juvenile court located in the United States,” within the meaning of 8 USC § 1101 (a) (27) (J) (i).
Based upon our independent factual review, we find that the record, which includes detailed affidavits from Karen and her mother, fully supports the conclusion that because her father abandoned her, reunification with her father is not a viable option (see Matter of Mohamed B., 83 AD3d at 832; Matter of Alamgir A., 81 AD3d 937, 939-940 [2011]; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 796; see also Matter of Emma M., 74 AD3d 968, 970 [2010]). Moreover, the fact that Karen’s mother was not shown to have neglected, abused, or abandoned Karen does not preclude the issuance of the order of special findings for the purpose of the SIJS application, in light of the terms of the applicable statute, which provides that a child may qualify for SIJ status where he or she has been neglected, abused or abandoned by “1 or both” parents (8 USC § 1101 [a] [27] [J] [i]; see Matter of Marcelina M.-G. v Israel S., 112 AD3d 100 [2d Dept 2013]). Additionally, the record reflects that it would not be in Karen’s best interests to be returned to El Salvador (see *624 Matter of Mohamed B., 83 AD3d at 831-832; Matter of Alamgir A., 81 AD3d at 940; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 796). Accordingly, the Family Court should have granted Karen’s motion for the issuance of an order making specific findings so as to enable her to petition for SUS. Skelos, J.E, Balkin, Lott and Hinds-Radix, JJ., concur.