In a proceeding pursuant to Family Court Act article 6 for the appointment of Gardeep S. as guardian of the child Kamaljit S., Kamaljit S. appeals from an order of the Family Court, Queens County (Pach, J.H.O), dated March 12, 2013, which, upon the granting of the guardian petition in an order dated February 5, 2013, and after a hearing, denied his motion for the issuance of an order making special findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).
Ordered that the order is reversed, on the facts, without costs or disbursements, the motion is granted, it is declared that Kamaljit S. is dependent on the Family Court, and it is found that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect, and that it would not be in the best interests of Kamaljit S. to return to India, his previous country of nationality and last habitual residence.
In this proceeding in which Gardeep S. was appointed the guardian of Kamaljit S., Kamaljit moved for the issuance of an order making specific findings that would allow him to apply to the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS). After a hearing, the Family Court determined that Kamaljit was under 21 years of age, unmarried, and dependent on the Family Court. However, the court denied Kamaljit’s motion on the ground that Kamaljit failed to show that reunification with one or both of his parents was not viable and that it was not in his best interests to return to his country of origin, India.
Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a “special immigrant” is a resident alien who is, inter alia, under 21 years of age, unmarried, and “declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States” (8 USC § 1101 [a] [27] [J] [i]). For the juvenile to qualify for SIJS status, it must also be determined that reunification with “1 or both” of the juvenile’s parents is not *950 viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (id.), and that it would not be in the juvenile’s best interest to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]).
This Court’s power to review the evidence is as broad as that of the hearing court, and where, as here, the record is sufficiently complete to make our own factual determinations, we may do so (see Matter of Jisun L. v Young Sun P., 75 AD3d 510, 511-512 [2010]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]). Based upon our independent factual review, we find that the record supports Kamaljit’s contentions that reunification with his mother was not viable due to parental neglect, and that it would not be in Kamaljit’s best interests to be returned to India (see Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 115 [2013]; Matter of Mohamed B., 83 AD3d 829, 832 [2011] ). Accordingly, the Family Court should have granted Kamaljit’s motion. Mastro, J.E, Chambers, Lott and Miller, JJ., concur.