*890 In a proceeding pursuant to Family Court Act article 6 for the appointment of Clementino E. as guardian of the child Cristal M.R.M., Cristal M.R.M. appeals from an order of the Family Court, Nassau County (Stack, J.H.O.), dated October 25, 2013, which, upon the granting of the petition in an order dated May 28, 2013, and after a hearing, denied her motion for the issuance of an order making specific findings that would enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).
Ordered that the order is reversed, on the facts, without costs or disbursements, the motion is granted, it is declared that Cristal M.R.M. is dependent on the Family Court, and it is found that she is unmarried and under 21 years of age, that reunification with one of her parents is not viable due to the father’s abandonment, and that it would not be in the best interests of Cristal M.R.M. to return to Honduras, her previous country of nationality and last habitual residence.
In this proceeding in which Clementino E. was appointed the guardian of Cristal M.R.M., Cristal moved for the issuance of an order making specific findings that would allow her to apply to the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS). After a hearing, the Family Court determined that Cristal was under 21 years of age, unmarried, dependent on the Family Court, and that it would not be in her best interests to return to Honduras. However, the court denied Cristal’s motion on the ground that Cristal failed to show that reunification with her father was not viable due to abandonment or a similar basis found under state law.
Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a “special immigrant” is an undocumented resident who is, inter alia, under 21 years of age, unmarried, and “declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States” (8 USC § 1101 [a] [27] [J] [i]). For the juvenile to qualify for SIJS status, it must be also determined that reunification with “1 or both” of the juvenile’s parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law {id.), and that it would not be in the juvenile’s best interest to be returned to his or her na *891 tive country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]).
Based upon our independent factual review, we find that the record, which includes affidavits from Cristal and her mother, fully supports the conclusion that Cristal was abandoned by her father. Cristal never lived with her father; he visited her only once. He never provided any financial support, and failed to communicate with her. Thus, Cristal established that reunification with her father was not viable due to abandonment (see Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687 [2014]; Matter of Marcelina M.-G. v Israel S., 112 AD3d 100 [2013]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619 [2013]; Matter of Karen C., 111 AD3d 622 [2013]; Matter of Emma M., 74 AD3d 968 [2010]). Accordingly, the Family Court should have granted Cristal’s motion.
Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.