■ In the Matter of GABRIELA Y.U.M. JOSELINO UMANA PALACIOS, Appellant. [989 NYS2d 117]—

In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Stack, J.H.O.), dated October 9, 2013, which, upon the granting of that branch of the guardianship petition which was for the appointment of the petitioner as the guardian of the subject child, Gabriela Y.U.M., in an order of the same court dated August 19, 2013, and after a hearing, in effect, denied that branch of the petition which was for the appointment of the petitioner as the guardian of Gabriela Y.U.M. until she reaches the age of 21 and denied his motion for the issuance of an order making special findings so as to enable Gabriela Y.U.M. to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (A) (27) (J).

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, that branch of the petition which was for the appointment of the petitioner as the guardian of Gabriela Y.U.M. until Gabriela Y.U.M. reaches the age of 21 is granted, the motion for special findings is granted, it is declared that Gabriela Y.U.M. is dependent on the Family Court, and it is found that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental neglect, and that it would not be in the best interests of Gabriela Y.U.M. to return to El Salvador, her previous country of nationality and last habitual residence.

The subject child, Gabriela Y.U.M., is a native of El Salvador, 18 years old, unmarried, and has lived with the petitioner, her uncle, in Nassau County since she surrendered to immigration authorities in 2012. Gabriela's mother died when she was six years old. From the age of 12, Gabriela was not financially supported by her father, and lived with various relatives in El

Salvador because the father's wife had problems living with the father's children. After moving in with her grandmother, whose husband sexually abused her, Gabriela moved in with an aunt, whose husband also abused her. Gabriela then moved in with her sister, where she was living at the time her father arranged for her to leave El Salvador with a smuggler and her sister's boyfriend.

After an arduous trip through Guatemala and Mexico, Gabriela and another juvenile were left in the desert with little food and water. Gabriela surrendered to immigration authorities, who eventually released her to the custody of the petitioner and his wife.

The petitioner commenced this proceeding to become Gabriela's guardian until she reaches the age of 21, to which Gabriela and her father consented. The Family Court granted that branch of the petition which was for the appointment of the petitioner as Gabriela's guardian by order dated August 19, 2013 (hereinafter the guardianship order), which stated that the appointment was to last until Gabriela's 18th birthday, "unless the Court approves an application for an extension of the appointment until the age of 21 upon the consent of the subject if the subject is over 18."

The petitioner moved for an order making special findings that would allow Gabriela to apply to the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS), as provided in 8 USC § 1101 (a) (27) (J). In an order dated October 9, 2013, the Family Court, inter alia, denied the motion. The court held, in relevant part, that Gabriela was not eligible for SIJS because reunification with one of her parents was viable, as her father did not abuse, neglect, or abandon her. Although the court further found that "nothing prevents unification with her father," it noted that "[i]t is uncertain that her father would welcome her back, given her history with the father's wife." The court also found that "[t]he best interests of any immigrant child living in the United States would be to remain here" and noted that Gabriela would have more safety, comfort, and security in the United States than she would find in El Salvador. In addition, at a hearing on the motion for special findings on September 26, 2013, when the attorney for the petitioner stated that it was "our request to extend the guardianship to the age of 21," and that the petitioner would testify, the Family Court responded, "I don't really need any testimony as to that since the state has made that a very simple matter." Nevertheless, the Family Court, in effect, denied that branch of the petition which was for the ap-

pointment of the petitioner as the guardian of Gabriela until Gabriela reaches the age of 21. Accordingly, the guardianship order expired by its terms on Gabriela's 18th birthday, on September 5, 2013.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a juvenile "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and "declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States" (8 USC § 1101 [a] [27] [J] [i]). For a juvenile to qualify for SIJS, it must be shown that reunification of the juvenile with one or both of his or her parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101 [a] [27] [J] [i]; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d 100, 108 [2013]; *Matter of Karen C.*, 111 AD3d 622, 623 [2013]; *Matter of Mohamed B.*, 83 AD3d 829, 831 [2011]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 109; *Matter of Karen C.*, 111 AD3d at 623; *Matter of Mohamed B.*, 83 AD3d at 831; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

As a threshold matter, the Family Court should have granted that branch of the petition which was for the appointment of the petitioner as Gabriela's guardian until Gabriela reaches the age of 21, which is in her best interests, the paramount concern in a guardianship proceeding (see SCPA 1707 [1]; *Matter of Maura A.R.-R. [Santos F.R.—Fidel R.]*, 114 AD3d 687, 688 [2014]; *Matter of Denys O.H. v Vilma A.G.*, 108 AD3d 711, 712 [2013]) and establishes Gabriela's dependency on the Family Court within the meaning of 8 USC § 1101 (a) (27) (J) (i) (see *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Based upon our independent factual review, we find that the record fully supports the conclusion that, because her father neglected her, Gabriela's reunification with her one surviving parent is not a viable option (see *Matter of Mohamed B.*, 83 AD3d at 832; *Matter of Alamgir A.*, 81 AD3d 937, 939-940 [2011]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 796). The record also reflects that it would not be in Gabriela's best interests to

be returned to El Salvador, where she has nowhere to live and no means of financial support (*see Matter of Kamaljit S.*, 114 AD3d 949 [2014]; *Matter of Jisun L. v Young Sun P.*, 75 AD3d 510, 512 [2010]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 796). Accordingly, the Family Court should have granted the motion for the issuance of an order making specific findings so as to enable Gabriela to petition for SIJS. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.