■ In the Matter of HAIDE L.G.M., Respondent, v SANTO D.S.M., Respondent. CINDY X.G.M., Nonparty Appellant. [13 NYS3d 500]—

Appeal from an order of the Family Court, Nassau County (Elaine Jackson Stack, J.H.O.), dated October 6, 2014. The order, after a hearing, denied the motion of the subject child for the issuance of an order, inter alia, making special findings so as to enable her to petition the United States Citizenship and

Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion of the subject child is granted, it is declared that the subject child is dependent on the Family Court, and it is found that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in her best interests to return to Honduras, her previous country of nationality and last habitual residence.

Cindy X.G.M. (hereinafter the child), a native of Honduras, is 17 years old and unmarried. In February 2014, the child's mother commenced the instant custody proceeding, and the child subsequently moved for the issuance of an order, inter alia, making special findings so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). The mother was awarded sole custody of the child. Following a hearing, however, the court denied the child's motion insofar as the child sought a finding that her reunification with one or both of her parents is not viable due to parental abuse, neglect, or abandonment.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101 [a] [27] [J] [i]; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d 100 [2013]; *Matter of Mohamed B.*, 83 AD3d 829, 831 [2011]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Mohamed B.*, 83 AD3d at 831; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Here, the record supports the Family Court's findings that the child is under the age of 21 and unmarried; that the child

was "legally committed to, or placed under the custody of an individual or entity appointed by a State or juvenile court" within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]); and that it would not be in the child's best interests to be returned to Honduras (*see Matter of Mohamed B.*, 83 AD3d at 831-832).

The court erred, however, with respect to its recital of the element of "reunification." The law does not require a finding that reunification with one or both of her parents *is* viable, but that reunification with one or both of her parents is *not* viable due to abuse, neglect, abandonment, or a similar basis found under State law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 110-113). We have the authority to make that finding, and upon our independent factual review of the record, we find that the child's reunification with her father is not a viable option due to abandonment (*see Matter of Diaz v Munoz*, 118 AD3d 989, 991 [2014]; *Matter of Gabriel H.M. [Juan B.F.]*, 116 AD3d 855, 857 [2014]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.