■ In the Matter of SILVIA N.P.L., Petitioner, v ESTATE OF JORGE M.N.P., Respondent, and KIMBERLY I.N.P., Appellant. [37 NYS3d 270]—

Appeal from an order of the Family Court, Orange County (Andrew P. Bivona, J.), dated December 23, 2014. The order, without a hearing, in effect, vacated a prior order of that court dated November 24, 2014, in effect, granting a motion by the subject child for the issuance of an order declaring that she is dependent on the Family Court and making specific findings so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), and thereupon dismissed the guardianship petition.

Ordered that the order dated December 23, 2014, is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated and granted, the petitioner is appointed

as the guardian of the subject child, and the order dated November 24, 2014, is reinstated.

In September 2014, the petitioner commenced this proceeding to be appointed guardian of her daughter, Kimberly I.N.P. (hereinafter the child). Thereafter, the child moved for the issuance of an order declaring that she is dependent on the Family Court and making specific findings that would allow her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). In an order dated November 24, 2014, the Family Court, in effect, granted the child's motion. In an order dated December 23, 2014, the Family Court, in effect, vacated the order dated November 24, 2014, and dismissed the guardianship petition on the ground that the petitioner did not comply with a court directive to obtain fingerprinting for purposes of a criminal background check.

Contrary to the Family Court's determination, there is no express statutory fingerprinting requirement in a proceeding such as this pursuant to Family Court Act § 661 (a) for "[g]uardianship of the person of a minor or infant" (see Family Ct Act § 661 [a]; Matter of Maria C.R. v Rafael G., 142 AD3d 165 [2d Dept 2016]; cf. Family Ct Act § 661 [b]; SCPA 1704 [8]). Consequently, it was improper for the Family Court to dismiss the petition based solely on the petitioner's failure to comply with a directive to obtain fingerprinting, and to, in effect, vacate the prior order dated November 24, 2014, granting the child's motion for the issuance of an order declaring that she is dependent on the Family Court and making the requisite specific findings so as to enable her to petition for SIJS.

Further, the Family Court should have granted the petition for the appointment of the petitioner as the child's guardian until the child reaches the age of 21, which is in the child's best interests, the paramount concern in a guardianship proceeding (see SCPA 1707 [1]; Matter of Gabriela Y.U.M. [Palacios], 119 AD3d 581, 583 [2014]; Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 689 [2014]). Thus, the child is dependent on the Family Court, as the Family Court had determined in the order dated November 24, 2014 (see Matter of Gabriela Y.U.M. [Palacios], 119 AD3d at 583; Matter of Hei Ting C., 109 AD3d 100, 106-107 [2013]).

The child's remaining contentions need not be addressed in light of our determination.

Accordingly, the petition is reinstated and granted, the petitioner is appointed as the guardian of the child, and the

order dated November 24, 2014, granting the child's motion for the issuance of an order declaring that she is dependent on the Family Court and making the requisite specific findings so as to enable her to petition for SIJS, is reinstated. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.