Appeal by the mother from an order of the Family Court, Nassau County (Felice J. Muraca, J.), dated December 1, 2016. The order, without a hearing, dismissed the mother’s guardianship petition.
 

 Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, a separate order of that court, also dated December 1, 2016, which, without a hearing, denied the mother’s motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), is vacated, and the matter is remitted to the Family Court, Nassau County, for a hearing and a new determination thereafter of the petition and the mother’s motion.
 

 In June 2016, the mother commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of the subject child for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the mother moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. The Family Court, in two orders, both dated December 1, 2016, denied the motion without a hearing and dismissed the guardianship petition “for failure to produce required documentation” and “for failure to prosecute.” The mother appeals from the order dismissing the guardianship petition.
 

 Contrary to the Family Court’s determination, there is no express requirement to submit documentation pertaining to the Office of Children and Family Services in a proceeding such as this pursuant to Family Court Act § 661 (a) for “[gjuardianship of the person of a minor or infant” (cf. Family Ct Act § 661 [b]; SCPA 1704 [8]). Consequently, it was improper for the court to dismiss the petition based on the mother’s “failure to produce required documentation.” Further, under the circumstances of this case, it was improper for the court to dismiss the petition “for failure to prosecute” (see CPLR 3216; Matter of Brudasca v Cottone, 110 AD3d 1067 [2013]).
 

 The mother’s remaining contentions are based on matter dehors the record and, thus, are not properly before this Court (see Matter of Ishakis v Lieberman, 150 AD3d 1114, 1115-1116 [2017]).
 

 Accordingly, since the Family Court dismissed the guardianship petition and denied the mother’s motion without conducting a hearing or considering the child’s best interests, the matter must be remitted to the Family Court, Nassau County, for a hearing and a new determination thereafter of the petition and the motion (see Matter of Jimenez v Perez, 144 AD3d 1036, 1037 [2016]).
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.