Appeals from two orders of the Family Court, Nassau County (Felice J. Muraca, J.), both dated March 13, 2017. The first order, without a hearing, denied the mother’s motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). The second order dismissed, without a hearing, the guardianship petition.
 

 Ordered that the orders are reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a hearing and a new determination of the petition and the mother’s motion.
 

 In September 2016, the mother commenced this proceeding to be appointed guardian of the subject child for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the mother moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. The Family Court denied the motion without a hearing and dismissed the guardianship petition for “failure to prosecute” based on the mother’s failure to obtain fingerprinting. The mother appeals.
 

 Since there is no express statutory fingerprinting requirement in a proceeding such as this pursuant to Family Court Act § 661 (a) for “[g]uardianship of the person of a minor or infant” (Matter of Maria C.R. v Rafael G., 142 AD3d 165, 171 [2016]), the Family Court erred in denying the mother’s motion based on her failure to comply with the court’s directive to obtain fingerprinting (see Matter of Silvia N.P.L. v Estate of Jorge M.N.P., 141 AD3d 654, 655 [2016]). Further, under the circumstances of this case, the court erred in dismissing the petition for “failure to prosecute” based on the mother’s failure to obtain fingerprinting (see CPLR 3216; Matter of Francisca M.V.R. v Jose G.H.G., 154 AD3d 856 [2017]).
 

 The mother’s remaining contention is without merit.
 

 Since the Family Court dismissed the guardianship petition and denied the mother’s motion without conducting a hearing or considering the child’s best interests, we remit the matter to the Family Court, Nassau County, for a hearing and a new determination of the petition and the motion (see Matter of Jimenez v Perez, 144 AD3d 1036, 1037 [2016]).
 

 Chambers, J.P., Hall, Duffy and Barros, JJ., concur.