Matter of Denia M. E. C. v Carlos R. M. O. (2018 NY Slip Op 03355)





Matter of Denia M. E. C. v Carlos R. M. O.


2018 NY Slip Op 03355


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-11184
2017-11185
 (Docket No. G-3747-17)

[*1]In the Matter of Denia M. E. C. (Anonymous), appellant,
v Carlos R. M. O. (Anonymous), respondent.


Bruno J. Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Nassau County (Robert LoPresti, Ct. Atty. Ref.), both dated October 3, 2017. The first order, after a hearing, dismissed the mother's petition to be appointed the subject child's guardian. The second order, after a hearing, denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the orders are reversed, on the law and the facts, without costs or disbursements, the mother's petition to be appointed guardian of the subject child is granted, the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the child with his father is not viable due to the father's death, and that it would not be in the child's best interests to return to Honduras, his previous country of nationality and last habitual residence.
In August 2016, Roberto C. E. C. (hereinafter the child) was released to his mother's custody after entering the United States from Honduras. In April 2017, the mother commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian for the child, for the purpose of obtaining an order declaring that the child is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to abuse, neglect, abandonment, or similar circumstances, and that it would not be in his best interests to be returned to Honduras, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the mother moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. Following a hearing, the Family Court, in two orders dated October 3, 2017, dismissed the guardianship petition and denied the motion, respectively. The mother appeals.
"When considering guardianship appointments, the infant's best interests are paramount" (Matter of Axel S.D.C. v Elena A.C., 139 AD3d 1050, 1051; see Matter of Alamgir A., [*2]81 AD3d 937, 938; SCPA 1707[1]). Our independent review of the record establishes that, under the particular circumstances of this case, the Family Court erred in determining that the mother should not be appointed guardian (see generally Family Ct Act § 355.5[7][d][ii]; Social Services Law § 371[7]; Matter of Marisol N.H., 115 AD3d 185, 190; Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 688; Matter of Alamgir A., 81 AD3d at 938). Rather, it is in the child's best interests to appoint the mother as the child's guardian and, accordingly, we grant the mother's petition.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant juvenile is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the child's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
This Court's power to review the evidence is as broad as that of the hearing court, and where, as here, the record is sufficiently complete to make our own factual determinations, we may do so (see Matter of Gabriel H.M. [Juan B.F.], 116 AD3d 855, 857; Matter of Kamaljit S., 114 AD3d 949). Based upon our independent factual review, we find that the record establishes that the child meets the age and marital status requirements for special immigrant status, and the dependency requirement has been satisfied by the granting of the mother's guardianship petition (see Matter of Silvia N.P.L. v Estate of Jorge M.N.P., 141 AD3d 656, 657; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 975). Moreover, the child's father is deceased and, therefore, reunification is not possible (see Matter of Luis R. v Maria Elena G., 120 AD3d 581; Matter of Cristal M.R.M., 118 AD3d 889). We further find that it would not be in the child's best interests to be returned to Honduras, given the hearing evidence establishing that there is no one there who is able to care for him, and that the child was threatened with violence if he returned.
Thus, the Family Court erred in denying the mother's motion for the issuance of an order making the requisite declaration and special findings so as to enable the child to petition for SIJS. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that the child is eligible to petition for SIJS status, that reunification of the child with one or both of his parents is not viable due to the death of his father, and that it would not be in the best interests of the child to be returned to Honduras.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court