Matter of A. v P. (2018 NY Slip Op 03674)





Matter of A. v P.


2018 NY Slip Op 03674


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-12781
2017-12782
 (Docket No. G-6966-16)

[*1]In the Matter of A. (Anonymous), appellant,
v P. (Anonymous), respondent.


Bruno J. Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Nassau County (Merik R. Aaron, J.), both dated November 8, 2017. The first order, without a hearing, denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J). The second order, without a hearing, dismissed the guardianship petition.
ORDERED that the orders are reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a hearing and a new determination thereafter of the petition and the mother's motion, before a different Judge.
In June 2016, the mother commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of the subject child for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). The mother also moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In the orders appealed from, the Family Court denied the mother's motion without a hearing and dismissed the guardianship petition for "failure to prosecute," respectively.
Contrary to the Family Court's determination, in a proceeding such as this pursuant to Family Court Act § 661(a) for "[g]uardianship of the person of a minor or infant," there is no express statutory fingerprinting requirement (see Matter of Fermina B. v Rene P., 156 AD3d 879, 880; Matter of Silvia N.P.L. v Estate of Jorge M.N.P., 141 AD3d 654, 655), or any express requirement to submit documentation pertaining to the Office of Children and Family Services (see Matter of Francisca M.V.R. v Jose G.H.G., 154 AD3d 856, 857). Further, under the circumstances of this case, the court erred in dismissing the petition and denying the motion for "failure to prosecute" based upon the mother's failure to submit documentation regarding, inter alia, the child's enrollment in school (see CPLR 3216; Matter of Francisca M.V.R. v Jose G.H.G., 154 AD3d at 857).
Since the Family Court dismissed the guardianship petition and denied the mother's motion without conducting a hearing or considering the child's best interests, we remit the matter [*2]to the Family Court, Nassau County, for a hearing and a new determination thereafter of the petition and the motion (see Matter of Jimenez v Perez, 144 AD3d 1036, 1037). In addition, in light of certain remarks made by the Family Court Judge during the course of the proceedings, we deem it appropriate that the matter be heard by a different Judge. The remarks included: that the child "should be speaking English a lot better" after having been in the United States for two years; that the child should "make some friends who speak English"; that if the child only spoke Spanish, "what are you gonna do, you're gonna be hanging around just where you are"; and that the child "[c]an't speak English, doesn't go to school, it's wonderful. It's a great country America." These remarks were inappropriate and cannot be countenanced.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court