Matter of Karma-Marie W. (Jerry W.) (2025 NY Slip Op 00104)

Matter of Karma-Marie W. (Jerry W.)

2025 NY Slip Op 00104

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-03478
 (Docket No. G-18658-23)

[*1]In the Matter of Karma-Marie W. (Anonymous). Tamara W. (Anonymous), appellant; Jerry W. (Anonymous), et al., respondents.

Tamara W., Surprise, Arizona, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Sharon N. Clarke, J.), dated March 28, 2024. The order, sua sponte, dismissed the petition for guardianship of the subject child with prejudice.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition for guardianship of the subject child is reinstated, and the matter is remitted to the Family Court, Kings County, for a hearing and a determination of the petition thereafter.
On September 1, 2023, the petitioner filed a petition pursuant to Family Court Act article 6 to be appointed the guardian of the subject child. The petitioner is not related to the child. In an order dated March 28, 2024, the Family Court, without a hearing, sua sponte, determined that the petitioner lacked standing to bring the petition and dismissed the petition with prejudice. The petitioner appeals.
The Family Court should not have dismissed the petition on the ground that the petitioner was not a relative of the child (see Matter of Dalida P., 204 AD2d 645, 645). Although the petitioner is not biologically related to the child, SCPA 1703, which is applicable to this proceeding (see Family Ct Act § 661), provides that a petition for the appointment of a guardian may be brought by "any person" (SCPA 1703; see Matter of Dalida P., 204 AD2d at 645). Nor was there any basis in the record to dismiss the petition with prejudice (see Matter of Linares-Mendez v Cazanga-Payes, 183 AD3d 738, 739).
Accordingly, since the Family Court dismissed the petition for guardianship of the child with prejudice without conducting a hearing or considering the child's best interests, the matter must be remitted to the Family Court, Kings County, for a hearing and determination of the petition thereafter (see Matter of Francisca M.V.R. v Jose G.H.G., 154 AD3d 856, 857; Matter of Jorge A.V.G. [Marta G.], 119 AD3d 566, 567).
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court