■ In the Matter of DESTINY AALIYAH K., Also Known as DESTINY K., Also Known as DESTINY M. SCO FAMILY OF SERVICES, Respondent; JEROME ERIC K., Also Known as JEROME K., Appellant, et al., Respondent. [877 NYS2d 698]—In a proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the ground of abandonment, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Richardson-Mendelson, J.), dated April 25, 2008, which, after a fact-finding hearing, found that he abandoned the subject child, terminated his parental rights, and transferred his rights of custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court properly found that the petitioner established, by clear and convincing evidence (*see* Social Services Law § 384-b [3] [g] [i]), that the father abandoned the subject child for the six-month period immediately prior to the filing of the petition (*see* Social Services Law § 384-b [4] [b]; [5] [a]). Although the father testified that he had contact with the child during the relevant period, the Family Court found that the father's testimony was not credible, and we find no reason to disturb the Family Court's assessment of the father's credibility (*see Matter of Miguel K.*, 1 AD3d 438, 439 [2003]). Furthermore, the contact the father asserted that he had with the child during the relevant period was minimal, sporadic, and insubstantial (*see Matter of Jeremiah Kwimea T.*, 10 AD3d 691, 692 [2004]).

The Family Court properly concluded that it was in the child's best interests to terminate the father's parental rights (*see Matter of Crystal C.*, 219 AD2d 601, 602 [1995]).

The father's remaining contentions are without merit. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.