■ In the Matter of XTACYS NAYARIE M., Also Known as XTACYS M., a Child Alleged to be Abandoned. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK et al., Respondents; JOSE RUBEN M., Also Known as JOSE M., Appellant. [901 NYS2d 856]—In a proceeding pursuant to Social Services Law § 384-b to terminate the father's parental rights on the ground of abandonment, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Freeman, J.), dated March 3, 2009, which, after a fact-finding hearing, found that he abandoned the child and terminated his parental rights, and transferred custody and guardianship of the subject child to the Commissioner of Social Services of the City of New York and Little Flower Children and Family Services of New York for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner established by clear and convincing evidence that the father abandoned the subject child, by failing to visit or maintain contact with her, or the petitioner, for a six-month period preceding the filing of the petition to terminate his parental rights (*see* Social Services Law § 384-b; *Matter of Annette B.*, 4 NY3d 509 [2005]). To the extent that there was evidence that the father was in contact with the petitioner during the relevant time frame, the Family Court did not err in holding that such contact was too minimal, sporadic, and insubstantial to defeat the showing of abandonment (*see Matter of Destiny Aaliyah K.*, 62 AD3d 708 [2009]; *Matter of Peteress Reighly B.*, 62 AD3d 695 [2009]).

Moreover, we reject the father's contention that he was prevented or discouraged from visiting or contacting the child during the six months preceding the filing of the petition. It was the father's obligation to keep in contact with his child, and the petitioner was not required to exercise diligent efforts to encourage contact between them (*see Matter of Gabrielle HH.*, 1 NY3d 549 [2003]).

Finally, it was not an improvident exercise of discretion for the Family Court to terminate the father's parental rights without conducting a dispositional hearing (*see Matter of Tashara B.*, 299 AD2d 356 [2002]; *Matter of Little Flower Children's Servs. v Clinton Tracy M.*, 222 AD2d 507 [1995]). Rivera, J.P., Florio, Miller and Austin, JJ., concur.