■ In the Matter of JESSIE SKYLER D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA S., Appel-

lant, et al., Respondent. (Proceeding No. 1.) In the Matter of KYLE JOHN THOMAS D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA S., Appellant, et al., Respondent. (Proceeding No. 2.) [930 NYS2d 464]—

The petitioner established by clear and convincing evidence that the mother abandoned the subject children by failing to visit or maintain contact with the petitioner or the subject children for a six-month period preceding the filing of the petition to terminate her parental rights (*see* Social Services Law § 384-b; *Matter of I.R.*, 153 AD2d 559, 559-560 [1989]). To the extent that there was any evidence that the mother was in contact with either the children or the petitioner during the relevant time period, such contact was too minimal, sporadic, and insubstantial to overcome the showing of abandonment (*see Matter of Destiny Aaliyah K.*, 62 AD3d 708, 708 [2009]; *Matter of Jeremiah Kwimea T.*, 10 AD3d 691, 692 [2004]; *Matter of Kerry J.*, 288 AD2d 221, 221 [2001]; *see also Matter of Xtacys Nayarie M. [Jose Ruben M.]*, 74 AD3d 970, 971 [2010]; *Matter of Peteress Reighly B.*, 62 AD3d 695, 696 [2009]). Moreover, the mother's contention that she was prevented or discouraged from visiting or contacting the children during the six months preceding the filing of the petition is without merit.

The mother's remaining contentions are without merit.

Under the circumstances, the Family Court properly concluded that it was in the best interests of the children to terminate the mother's parental rights (*see Matter of Destiny*

*Aaliyah K.,* 62 AD3d at 709; *Matter of Jeremiah Kwimea T.,* 10 AD3d at 692). Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.