In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Aaron, J.), dated October 3, 2013, which, after a hearing, in effect, denied his motion for the issuance of an order, inter alia, making specific findings that would enable the subject children to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), and dismissed the guardianship petitions.
Ordered that the order is reversed, on the facts, without costs or disbursements, the petitions are reinstated and granted, the petitioner is appointed as the guardian of the subject children, the motion is granted, it is declared that the children are dependent on a juvenile court, and it is found that the children are unmarried and under 21 years of age, that reunification with one or both of their parents is not viable due to parental abandonment, and that it would not be in the children’s best interests to return to El Salvador, their previous country of nationality and last habitual residence.
In June 2013, the petitioner filed petitions pursuant to Family Court Act article 6 to be appointed guardian of his cousins, Karen E.M.-G. and Rommel I.G. (hereinafter together the children). In August 2012, the petitioner moved for the issuance an order declaring that the children are dependent on the Family Court and making specific findings that they are unmarried and under 21 years of age, that reunification with their father is not viable due to abandonment, and that it would not be in their best interests to be returned to El Salvador, their previous country of nationality and last habitual residence, so as to enable them to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SUS) pursuant to 8 USC § 1101 (a) (27) (J). In an order dated October 3, 2013, made after a hearing, the Family Court, in effect, denied the motion and dismissed the petitions. The petitioner appeals and we reverse.
*879 Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a “special immigrant” is a resident alien who is, inter alia, under 21 years of age, unmarried, and “declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States” (8 USC § 1101 [a] [27] [J] [i]). For the juvenile to qualify for SIJS status, it must also be determined that reunification with “1 or both” of the juvenile’s parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (id.), and that it would not be in the juvenile’s best interest to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]).
This Court’s power to review the evidence is as broad as that of the hearing court, and where, as here, the record is sufficiently complete to make our own factual determinations, we may do so (see Matter of Kamaljit S., 114 AD3d 949, 950 [2014]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]). Based upon our independent factual review, we find that the record supports the petitioner’s contentions that reunification with the children’s father was not viable due to abandonment, and that it would not be in the best interests of the children to be returned to El Salvador (see Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 115 [2013]).
Accordingly, the Family Court erred by, in effect, denying the petitioner’s motion for the issuance of an order making the requisite declaration and special findings so as to enable the children to petition for SIJS and dismissing the guardianship petitions.
Dickerson, J.P, Leventhal, Cohen and Hinds-Radix, JJ., concur.