In a child custody proceeding pursuant to Family Court Act article 6, the subject child, Lesby Julissa Munoz Diaz, appeals from an order of the Family Court, Nassau County (Aaron, J.), dated July 25, 2013, which, after a hearing, denied the motion of the petitioner, her mother, in which she joined, for the issuance of an order making special findings that would enable the subject child, Lesby Julissa Munoz Diaz, to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).
Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion is granted, it is declared that the subject child, Lesby Julissa Munoz Diaz, is dependent on the Family Court, and it is found that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abandonment, and that it would not be in her best interests to return to Honduras, her previous country of nationality and last habitual residence.
*990 The subject child was born in Honduras in 1995. At the time of the commencement of the instant proceeding, she was 17 years old and unmarried, and she had been living with her mother in Nassau County since at least February 2012. The child’s mother filed a petition for custody, and subsequently moved for the issuance of an order making special findings that would allow the child to apply to the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). The Family Court set the matters down for separate hearings. Following a hearing on the issue of custody, the court granted the mother’s petition and awarded her custody of the child.
At the separate hearing on the motion for a special findings order, it was established that the child previously lived with her aunt and other family members in Honduras, she had never met her father, and she was concerned about gang violence in Honduras. After the hearing, the Family Court denied the motion for an order making special findings. Although the court found that it was in the child’s best interests to award custody to the mother on Long Island and that the child’s father had abandoned her, it nonetheless made a finding that it was not in the child’s best interests to remain in the United States. In reaching this determination, the court found that reunification with one of the child’s parents, her mother, was viable. We reverse.
Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a juvenile “special immigrant” is a resident alien who is, inter alia, under 21 years of age, unmarried, and “declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States” (8 USC § 1101 [a] [27] [J] [i]). For a juvenile to qualify for SIJS, it must be determined that reunification of the juvenile with “1 or both” of the juvenile’s parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (8 USC § 1101 [a] [27] [J] [i]; Matter of Marcelina M.-G. v Israel S., 112 AD3d 100 [2013]; Matter of Karen C., 111 AD3d 622, 623 [2013]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile’s best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; see Matter of *991 Marcelina M.-G. v Israel S., 112 AD3d 100 [2013]; Matter of Karen C., 111 AD3d at 623; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
The statutory definition of SUS “allow[s] a juvenile court to consider the nonviability of family reunification with just one parent, rather than both” (Matter of Marcelina M.-G., 112 AD3d at 112 [emphasis added]). Since the Family Court correctly found that the child was abandoned by her father, the record supports a finding that reunification with one of the child’s parents was not viable. Furthermore, contrary to the court’s determination, the record established that it would not be in the child’s best interests to return to Honduras. Significantly, the court awarded custody to the mother, who lives in Nassau County. Accordingly, the court should have granted the motion for an order making the requisite special findings so as to enable the child to apply for SIJS. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, the motion is granted, we declare that the child is dependent on the Family Court, and we find that she is unmarried and under 21 years of age, that reunification with one of her parents is not viable due to parental abandonment, and that it would not be in her best interests to return to Honduras (see Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687 [2014]; Matter of Marcelina M.-G. v Israel S., 112 AD3d 100; Matter of Karen C., 111 AD3d 622 [2013]; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 796).
Skelos, J.E, Austin, Sgroi and LaSalle, JJ., concur.