■ In the Matter of MIGUEL C.-N. HOSMAN C.-N., Appellant; CRUZ ERMELINDA C.-N., Respondent. [989 NYS2d 126]—

In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Stack, J.H.O.), dated June 18, 2013, as, upon reargument, adhered to its original determination in an order dated April 24, 2013, denying, without a hearing, his motion for the issuance of an order, inter alia, making special findings so as to enable the subject child, Miguel C.-N., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that on the Court's own motion, the notice of appeal dated July 19, 2013, is deemed to be a notice of appeal by the petitioner (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]); and it is further,

Ordered that the order dated June 18, 2013, is reversed insofar as appealed from, on the law and the facts, with costs, upon reargument, the determination in the order dated April 24, 2013, denying the petitioner's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child, Miguel C.-N., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) is vacated, the motion is granted, it is declared that Miguel C.-N. is dependent on the Family Court, and it is found that Miguel C.-N. is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect and abandonment, and that it would not be in the best interests of Miguel C.-N. to return to Honduras, his previous country of nationality and last habitual residence.

In December 2012, the petitioner filed a petition pursuant to Family Court Act article 6 to be appointed guardian of his half-brother, Miguel C.-N. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making special findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to neglect or abandonment, and that it would not be in his best interests to be returned to Honduras, his previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services (hereinafter the USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and special findings to enable the child to petition for SIJS. In an order dated April 24, 2013, the Family Court, inter alia, granted the guardianship petition, but denied the petitioner's motion for the issuance of an order making such special findings. Thereafter, the petitioner moved for leave to reargue his prior motion. In an order dated June 18, 2013, the Supreme Court granted leave to reargue, and thereupon adhered to its original determination in the order dated April 24, 2013, denying the petitioner's motion for the issuance of an order making special findings.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Here the Family Court properly found that the child is under the age of 21, unmarried, and that it would not be in his best interests to be returned to Honduras (*see Matter of Marcelina*

*M.-G. v Israel S.*, 112 AD3d 100, 114-115 [2013]). In addition, inasmuch as the Family Court granted the guardianship petition, the child is dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795). However, contrary to the court's determination, based upon our independent factual review, we find that the record, including detailed affidavits from the child, fully supports the petitioner's contention that, because his father neglected and abandoned him, reunification with his father is not a viable option (*see Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 110). The fact that the child's mother did not also neglect and abandon him does not preclude the issuance of the order requested (*see Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 110-113).

Accordingly, upon reargument, the Family Court should have granted the petitioner's motion for the issuance of an order making the requisite declaration and special findings so as to enable the child to petition the USCIS for SIJS pursuant to 8 USC § 1101 (a) (27) (J). Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.