■ In the Matter of AKEELAH D.C.-S. SCO FAMILY OF SER-VICES et al., Respondents; CHENIQUA C.-S., Appellant. (Proceeding No. 1.) In the Matter of AUTUMN P.C.-S. SCO FAMILY OF SERVICES et al., Respondents; CHENIQUA C.-S., Appellant. (Proceeding No. 2.) [6 NYS3d 111]—

Appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Daniel Turbow, J.) (one as to each child), both dated October 22, 2013. The orders, after a fact-finding hearing, found that the mother abandoned and permanently neglected the subject children and, upon her failure to appear at the dispositional hearing, terminated her parental rights and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and the SCO Family of Services for the purpose of adoption.

Ordered that the appeals from so much of the orders of fact-

finding and disposition as terminated the mother's parental rights and freed the children for adoption, upon her failure to appear at the dispositional hearing, are dismissed, without costs or disbursements; and it is further,

Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.

The mother may not appeal from the dispositional portion of the orders in light of her failure to appear at the dispositional hearing (see Matter of Male G. [David D.], 121 AD3d 789, 790 [2014]; Matter of Jahira N.D. [Shaniqua S.S.], 111 AD3d 826, 826-827 [2013]; Matter of Amber Megan D., 54 AD3d 338, 338 [2008]).

The Family Court correctly found that the evidence adduced at the fact-finding hearing established, by clear and convincing evidence, that the mother abandoned the subject children during the six-month period before the filing of the petition. The mother's "minimal, sporadic, and insubstantial" contact with the children during that period was insufficient to overcome a showing of abandonment (Matter of Jessie Skyler D. [Donna S.], 88 AD3d 703, 704 [2011]; see Matter of R. Children [Ronald R.—Heath R.], 119 AD3d 947, 948 [2014]; Matter of Jayquan J. [Clint J.], 77 AD3d 947, 948 [2010]; Matter of Xtacys Nayarie M. [Jose Ruben M.], 74 AD3d 970, 971 [2010]; Matter of Peteress Reighly B., 62 AD3d 695, 696 [2009]; Matter of Jeremiah Kwimea T., 10 AD3d 691, 692 [2004]). In light of our determination, we need not address the mother's contention that she did not permanently neglect the subject children (see Matter of Anthony R.G.-W. [Craig W.], 121 AD3d 893, 894 [2014]; Matter of Messiah Quwan D., 288 AD2d 383, 384 [2001]). Mastro, J.P., Dillon, Hall and Miller, JJ., concur.