■ In the Matter of GLORIA PINEDA, Respondent, v DIMAS BISAEL CLAROS DIAZ, Respondent. AZUCENA SARAY CLAROS-PINEDA, Nonparty Appellant. [9 NYS3d 93]—

Appeal, by permission, from an order of the Family Court, Nassau County (Edmund M. Dane, J.), dated September 24, 2014. The order, without a hearing, denied the motion of the subject child for the issuance of an order making certain specific findings so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a hearing in accordance herewith, and for a new determination of the subject child's motion thereafter, to be issued on or before May 13, 2015.

In September 2013, the mother filed the instant petition for custody of the subject child, who was born in El Salvador. At the time this proceeding was commenced, the child was 16 years old, and had been living with her mother in Nassau County since July 2012. The child never lived with her father and had not seen him for 11 years, although she has communicated with him sporadically, solely upon her own initiative.

While the mother's custody petition was pending, the child moved for the issuance of an order making certain specific findings that would allow her to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). In an order dated April 4, 2014, the Family Court awarded the mother custody of the child. In the order appealed from, dated September 24, 2014, the Family Court, without a hearing, denied the child's motion.

A child may request that the Family Court issue an order making certain specific findings that will enable him or her to petition the USCIS, an agency within the United States Department of Homeland Security, for SIJS (*see Matter of Hei Ting C.*, 109 AD3d 100, 104 [2013]; *see also Matter of Marcelina*

*M.-G. v Israel S.*, 112 AD3d 100, 106 n 1 [2013]). The findings required to support a petition for SIJS include: (1) the child is under 21 years of age; (2) the child is unmarried; (3) the child is dependent upon a juvenile court or legally committed to, or placed under the custody of, an agency or department of the State or an individual appointed by a State or juvenile court; (4) reunification with one or both parents is not viable due to abuse, neglect, abandonment, or a similar basis; and (5) it is not in the child's best interests to be returned to his or her country of nationality or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [i], [ii]; 8 CFR 204.11 [c]; *Matter of Hei Ting C.*, 109 AD3d at 104). Once those specific findings have been issued, the eligible child may seek the consent of "the Secretary of Homeland Security" to receive special immigrant juvenile status (8 USC § 1101 [a] [27] [J] [iii]; *see Matter of Hei Ting C.*, 109 AD3d at 104).

Here, the child is under the age of 21 and unmarried, and has been "legally committed to, or placed under the custody of . . . an individual . . . appointed by a State or juvenile court" within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 109). Further, based upon our independent factual review, we find that the record, which includes a detailed affidavit from the child, fully supports her contention that reunification with her father is not a viable option, due to abandonment (*see Matter of Miguel C.-N. [Hosman C.-N.—Cruz Ermelinda C.-N.]*, 119 AD3d 562, 564 [2014]; *Matter of Saul A.F.H. v Ivan L.M.*, 118 AD3d 878, 879 [2014]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 110; *see also Matter of Akeelah D.C.-S. [Cheniqua C.-S.]*, 126 AD3d 967 [2015]; *Matter of Jessie Skyler D. [Donna S.]*, 88 AD3d 703, 704 [2011]).

However, the record is insufficient for us to make specific findings as to whether it would not be in the best interests of the child to be returned to El Salvador and, thus, a hearing was required on that issue (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Fifo v Fifo*, 127 AD3d 748 [2d Dept 2015]; *see also Matter of Diaz v Munoz*, 118 AD3d 989, 990-991 [2014]).

In light of certain comments made by the Family Court Referee initially assigned to hear and determine the child's motion, we emphasize that while the Family Court is called upon to utilize its "particularized training and expertise in the area of child welfare and abuse," in order to determine "the best

interests of the child and potential for family reunification," the Federal government retains control over the *immigration* determination of whether the child receives SIJS (*Matter of Hei Ting C.*, 109 AD3d at 104 [internal quotation marks omitted]; *see Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 109). Thus, any considerations regarding whether the child ought to receive SIJS are not properly the subject of this proceeding.

Accordingly, we remit the matter to the Family Court, Nassau County, for a hearing on the issue of whether it is not in the child's best interests to be returned to El Salvador, and for a new determination of the child's motion thereafter, to be issued on or before May 13, 2015. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.