■ In the Matter of CARMINDA SANCHEZ GOMEZ, Appellant, v FREDY GARCIA SIBRIAN, Respondent. [20 NYS3d 110]—

Appeal from an order of the Family Court, Nassau County (Christopher Pizzolo, Ct. Atty. Ref.), dated March 31, 2015. The order, without a hearing, in effect, denied the mother's motions for the issuance of an order, inter alia, making special findings so as to enable the subject child, Jose Fredy Garcia Sibrian, to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the mother's motions for the issuance of an order, inter alia, making special findings so as to enable the subject child, Jose Fredy Garcia Sibrian, to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) are granted, it is declared that Jose Fredy Garcia Sibrian has been legally committed to, or placed under the custody of, an individual appointed by a State or juvenile court, and it is found that Jose Fredy Garcia Sibrian is unmarried and under 21 years of age, that reunification with one of his parents is not viable due to parental abandonment, and that it would not be in his best interests to return to Honduras, his previous country of nationality or last habitual residence.

In January 2014, the mother commenced this proceeding for custody of the subject child, Jose Fredy Garcia Sibrian, who was born in Honduras. In March 2014, the father, who also lived in Honduras, executed a document consenting, inter alia, to an award of custody of the child to the mother, to "waive[ ] the issuance of service of process in this matter," and to "waive[ ] the right to notice of any future hearings on this matter in the Family Court of Nassau County." In May 2014, the mother moved for the issuance of an order, inter alia, making special findings so as to enable the child to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). In an order dated August 20, 2014,

the mother was awarded sole custody of the child upon the father's consent. Thereafter, the mother, prior to a determination on her earlier motion, again moved for the issuance of an order, among other things, making special findings so as to enable the child to petition for SIJS. In an order dated March 31, 2015, the Family Court, in effect, denied the mother's motions on the grounds that the mother failed to personally serve the father with the motion papers and that the motions were "defective" because they erroneously stated that they were made on the "Court's own motion."

Under the circumstances of this case, the mother was not required to personally serve the father with the motion papers. The father consented to "waive[ ] the issuance of service of process in this matter," and to "waive[ ] the right to notice of any future hearings on this matter in the Family Court of Nassau County," which would include a hearing on the subject motions. Further, since no substantial right of any party was prejudiced by the mistake in the mother's notices of motion, the court should have disregarded the mistake and determined the motions on the merits (see CPLR 2001).

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a State or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Marcelina M.-G. v Israel S., 112 AD3d 100 [2013]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).

Here, the child is under the age of 21 and unmarried, and has been "legally committed to, or placed under the custody of . . . an individual appointed by a State or juvenile court" within the meaning of 8 USC § 1101 (a) (27) (J) (I) (see Matter of Pineda v Diaz, 127 AD3d 1203, 1204 [2015]). Furthermore, based upon our independent factual review, we find that the record fully supports a finding that reunification of the child

with the father is not a viable option due to abandonment (*see Matter of Pineda v Diaz*, 127 AD3d at 1204; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 104), and that it would not be in the best interests of the child to be returned to Honduras (*see Matter of Gabriela Y.U.M. [Palacios]*, 119 AD3d 581, 583-584 [2014]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 796). Accordingly, the Family Court should have granted the mother's motions for an order making the requisite special findings so as to enable the child to apply for SIJS. Inasmuch as the record is sufficient for this Court to make its own findings of fact and conclusions of law, the mother's motions are granted, we declare that the child has been legally committed to, or placed under the custody of, an individual appointed by a State or juvenile court, and we find that the child is unmarried and under 21 years of age, that reunification with one of his parents is not viable due to parental abandonment, and that it would not be in his best interests to return to Honduras (*see Matter of Diaz v Munoz*, 118 AD3d 989, 991 [2014]; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 115; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

In light of our determination, we need not reach the mother's remaining contentions. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.