◼ In the Matter of ELIDA EDITH VILLATORO RAMIREZ, Appellant, v RAUL ANTONIO PALACIOS, Respondent. [25 NYS3d 242]—

Appeal from an order of the Family Court, Nassau County (Christopher Pizzolo, Ct. Atty. Ref.), dated March 31, 2015. The order, without a hearing, in effect, denied the mother's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child, Milagro G.P.R., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the mother's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child, Milagro G.P.R., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) is granted, it is declared that Milagro G.P.R. has been legally committed to, or placed under the custody of, an individual appointed by a State or juvenile court, and it is found that Milagro G.P.R. is unmarried and under 21 years of age, that reunification with one of her parents is not viable due to parental abandonment, and that it would not be in her best interests to return to El Salvador, her previous country of nationality or last habitual residence.

In November 2013, the mother commenced this proceeding for custody of the subject child, Milagro G.P.R., who was born in El Salvador. In June 2014, the mother moved for the issuance of an order, inter alia, making special findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). In an order dated August 18, 2014, the mother was awarded sole custody of the child. In an order dated March 31, 2015, the Family Court, in effect, denied the mother's motion on the grounds that the mother failed to personally serve the father with the motion papers and that the notice of motion was "defective" because it erroneously stated that it was made on the "Court's own motion."

Under the circumstances of this case, the mother was not required to personally serve the father with the motion papers. Rather, the mother appropriately served the motion papers by mailing them to the father's last known address (see CPLR 2103 [b] [2]; [c]). Further, since no substantial right of any party was prejudiced by the mistake in the mother's notice of motion, the Family Court should have disregarded the mistake

and determined the motion on the merits (*see* CPLR 2001; *Matter of Gomez v Sibrian*, 133 AD3d 658 [2015]).

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a State or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d 100 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Here, the child is under the age of 21 and unmarried, and has been "legally committed to, or placed under the custody of . . . an individual . . . appointed by a State or juvenile court" within the meaning of 8 USC § 1101 (a) (27) (J) (i) (*see Matter of Pineda v Diaz*, 127 AD3d 1203, 1204 [2015]). Furthermore, based upon our independent factual review, we find that the record fully supports a finding that reunification of the child with the father is not a viable option due to abandonment (*see Matter of Diaz v Munoz*, 118 AD3d 989, 991 [2014]), and that it would not be in the best interests of the child to be returned to El Salvador (*see Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 114-115). Accordingly, the Family Court should have granted the mother's motion for an order making the requisite special findings so as to enable the child to apply for SIJS. Inasmuch as the record is sufficient for this Court to make its own findings of fact and conclusions of law, we grant the mother's motion, declare that the child has been legally committed to, or placed under the custody of, an individual appointed by a State or juvenile court, and find that the child is unmarried and under 21 years of age, that reunification with one of her parents is not viable due to parental abandonment, and that it would not be in her best interests to return to El Salvador (*see Matter of Diaz v Munoz*, 118 AD3d at 991; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 115; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795). Dickerson, J.P., Hall, Roman and Sgroi, JJ., concur.