In the Matter of ALMA D.G.-L., Appellant, v JUAN C.-P., Respondent. [58 NYS3d 483]—

Appeal by the mother from an order of the Family Court, Dutchess County (Denise M. Watson, J.), entered December 16, 2016. The order, without a hearing, in effect, denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a hearing and a determination thereafter of the mother's motion.

The parties have a child in common. On September 1, 2015, the mother filed a petition pursuant to Family Court Act article 6 for sole custody of the child. In a corrected order dated October 22, 2015, the Family Court awarded the mother sole legal and residential custody of the child.

On August 1, 2016, the mother moved for an order declaring that the child is dependent on the Family Court and making specific findings that the child is unmarried and under 21 years of age, that reunification with the father is not viable due to abandonment, and that it would not be in the child's best interests to be returned to Mexico, her previous country of

nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). In an order entered December 16, 2016, the court determined the mother's motion by stating that "the petition is dismissed due to failure to state cause of action." The mother appeals.

The Family Court erred in denying the mother's motion—which the court mistakenly denominated a "petition"—without a hearing. In her affidavit in support of the motion, the mother averred that the child was under 21 and unmarried; that the Family Court had awarded the mother sole custody of the child; that the father had abandoned the child after her birth, never provided support, and never had a relationship with the child; and that it was not in the child's best interests to return to Mexico. The record is insufficient to provide a basis for a determination of the mother's motion as to whether reunification with the father is not viable due to abandonment. Accordingly, we reverse the order and remit the matter to the Family Court, Dutchess County, for a hearing and a determination thereafter of the motion (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Jimenez v Perez*, 144 AD3d 1036, 1037 [2016]). Balkin, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.