Matter of Secaira v Caluna (2018 NY Slip Op 01609)





Matter of Secaira v Caluna


2018 NY Slip Op 01609


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-08318
 (Docket No. V-5395-17)

[*1]In the Matter of Juan Armando Paca Secaira, appellant, 
v
Miryam Marlene Caluna, respondent.


Bruno J. Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
Appeal from an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated July 19, 2017. The order, without a hearing, dismissed the father's custody petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition consistent herewith, before a different Court Attorney Referee.
In March 2017, the father filed a petition pursuant to Family Court Act article 6 for sole custody of the subject child for the purpose of obtaining an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In April 2017, the mother executed a document consenting, inter alia, to "waive the issuance of service of process in this matter," to the issuance of a finding that she abandoned the child, and to the appointment of the father as the child's guardian. After the presiding Court Attorney Referee (hereinafter the Referee) advised the father that the waiver form was "not correct because the case that's before the court is not a guardianship case," the mother executed a new document consenting, among other things, to waive service of process and to the issuance of "Letters of Custody." The Referee found that the new waiver form was inadequate because, inter alia, there was no statutory reference to "Letters of Custody." In an order dated July 19, 2017, the Family Court dismissed the custody petition on the ground that the mother had not been timely served with the petition. The father appeals from that order.
Under the circumstances of this case, the Family Court erred in dismissing the petition based on the father's failure to timely serve the mother with the petition. The mother consented, inter alia, to "waive the issuance of service of process in this matter," and since no substantial right of a party was prejudiced by the inartful language in the second waiver form, which referred to custody, the court should have disregarded any mistake and conducted a hearing on the petition (see CPLR 2001; Matter of Ramirez v Palacios, 136 AD3d 666, 667-668; Matter of Gomez v Sibrian, 133 AD3d 658, 659).
Accordingly, we remit the matter to the Family Court, Queens County, for a hearing and a new determination thereafter of the custody petition and, if warranted, an order, inter alia, making specific findings so as to enable the child to petition for SIJS pursuant to 8 USC § 1101(a)(27)(J). In light of certain remarks made by the Referee, we deem it appropriate that the [*2]hearing be held before a different Court Attorney Referee (see Matter of Hannah B. [Theresa B.], 108 AD3d 528, 531).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court