Matter of A.M.G. v Gladis A.G. (2018 NY Slip Op 04321)





Matter of A.M.G. v Gladis A.G.


2018 NY Slip Op 04321


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-12041
 (Docket No. G-829-16)

[*1]In the Matter of A. M. G. (Anonymous), appellant,
v
Gladis A. G. (Anonymous), respondent.


Bruno J. Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Merik R. Aaron, J.), dated September 29, 2017, which, without a hearing, denied his motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a hearing in accordance herewith, and for a new determination thereafter of the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
In January 2016, the father filed a petition pursuant to Family Court Act article 6 to be appointed as guardian of Isaias A. M. A. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect or abandonment, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the father moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In an order dated June 24, 2016, the Family Court granted the guardianship petition. In the order appealed from, the court, without a hearing, denied the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. The father appeals.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d [*2]793, 795), and that it would not be in the child's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Here, based upon our independent factual review (see Matter of Gomez v Sibrian, 133 AD3d 658), we find that the record establishes that the child meets the age and marital status requirements for special immigrant status, and the dependency requirement has been satisfied by the granting of the father's guardianship petition (see Matter of Silvia N.P.L. v Estate of Jorge M.N.P., 141 AD3d 656, 657; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795). Further, we determine that it would not be in the best interests of the child to be returned to El Salvador, where gang members had threatened to kill him and his sister (see Matter of Juan R.E.M. [Juan R. E.], 154 AD3d 725, 727; Matter of Carlos A.M. v Maria T.M., 141 AD3d 526). However, the record is insufficient to determine whether reunification with the mother is not viable due to parental neglect or abandonment (see Matter of Alma D.G.-L. v Juan C.-P., 152 AD3d 516, 517).
Accordingly, we reverse the order, and remit the matter to the Family Court, Nassau County, for a hearing on the issue of whether reunification with the mother is not viable due to parental neglect or abandonment, and a new determination thereafter of the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS (see id. at 517; Matter of Pineda v Diaz, 127 AD3d 1203, 1205).
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court