Matter of Jose S.J. (Veronica E.J.) (2019 NY Slip Op 00275)





Matter of Jose S.J. (Veronica E.J.)


2019 NY Slip Op 00275


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-05056
 (Docket No. G-3171-17)

[*1]In the Matter of Jose S.J. (Anonymous). Veronica E.J. (Anonymous), appellant.


Karen F. La Grega, Jr., Bay Shore, NY, for appellant.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated April 6, 2018. The order, in effect, denied the mother's motion, inter alia, to amend a prior specific findings order of the same court dated June 30, 2017.
ORDERED that the order dated April 6, 2018, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a hearing in accordance herewith, and for a new determination thereafter of the mother's motion, inter alia, to amend the specific findings order dated June 30, 2017.
In January 2017, the mother filed a petition pursuant to Family Court Act article 6 to be appointed guardian of Jose S. J. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with his father is not viable due to parental abandonment, and that it would not be in the child's best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In June 2017, the mother moved for an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In an order dated June 30, 2017, the Family Court granted the guardianship petition. In a separate order, also dated June 30, 2017 (hereinafter the specific findings order), the Family Court granted the mother's motion.
Thereafter, the child submitted an I-360 petition for SIJS to USCIS, and USCIS notified the child that the petition would be denied due to several deficiencies in the specific findings order. USCIS indicated, inter alia, that the Family Court failed to consider the child's alleged involvement with the MS-13 gang, and thus, the court did not make an "informed decision" that it would not be in the child's best interests to be returned to El Salvador. The mother moved, among other things, to amend the specific findings order to address the deficiencies identified by USCIS. In an order dated April 6, 2018, the court, in effect, denied the mother's motion, without specifically addressing any of the amendments to the specific findings order requested by the mother. The [*2]mother appeals from that order.
The Family Court improperly, in effect, denied the subject motion on the basis that the mother failed to state a sufficient reason to amend the specific findings order in light of the fact that the USCIS found the specific findings order to be deficient (see e.g. Matter of Argueta v Santos, 166 AD3d 608; Matter of Juan R.E.M [Juan R.E.], 154 AD3d 725, 727). Given USCIS's determination, the Family Court, having granted the mother's guardianship petition in the first instance, should have considered the merits of the subject motion as to whether an amendment of the specific findings order was appropriate, and, if so, amended the specific findings order. Although "[t]his Court's power to review the evidence is as broad as that of the hearing court, and where . . . the record is sufficiently complete to make our own factual determinations, we may do so" (Matter of Luis R. v Maria Elena G., 120 AD3d 581, 582), here, the record is insufficient to determine whether the Family Court considered the child's alleged involvement with the MS-13 gang, which would not necessarily preclude a finding that it is not in the child's best interests to be returned to El Salvador. Consequently, the matter must be remitted to the Family Court, Suffolk County, for a hearing on that issue and a new determination thereafter of the mother's motion, inter alia, to amend the specific findings order (see Matter of A.M.G. v Gladis A.G., 162 AD3d 768, 770; Matter of Pineda v Diaz, 127 AD3d 1203, 1204).
Upon remittal, the Family Court should also render a determination as to each of the proposed amendments to the specific findings order requested by the mother.
LEVENTHAL, J.P., AUSTIN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court