Matter of Vasquez v Mejia (2019 NY Slip Op 01780)





Matter of Vasquez v Mejia


2019 NY Slip Op 01780


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-09547
 (Docket No. V-1035-18)

[*1]In the Matter of Dunia Y. Ochoa Vasquez, appellant,
v
Carlos A. Cruz Mejia, respondent.


Bruno J. Bembi, Hempstead, NY, for appellant.
Michael Kaszubski, Westbury, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), dated July 6, 2018. The order, without a hearing, denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a hearing and a new determination thereafter of the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
In January 2018, the mother filed a petition pursuant to Family Court Act article 6 for custody of Fernando A. C. O. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with his father is not viable due to parental neglect or abandonment, and that it would not be in the child's best interests to be returned to Honduras, his previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services (hereinafter USCIS) for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated April 4, 2018, the Family Court granted the custody petition. In May 2018, the mother moved for an order making the requisite declaration and specific findings to enable the child to petition for SIJS. In an order dated July 6, 2018, the court denied the mother's motion on the ground of lack of jurisdiction due to the child having reached the age of 18. The mother appeals.
While the Family Court lacks jurisdiction to determine a petition for custody once the subject child reaches the age of 18 (see Matter of Batista v Gaton, 126 AD3d 895), "there is no jurisdictional impediment to the issuance of an order making the requisite declaration and specific findings to enable the child to petition for SIJS" where the petition was granted before the court was divested of jurisdiction (Matter of Juan R.E.M. [Juan R.E.], 154 AD3d 725, 727). Here, since the custody petition was granted on April 4, 2018, prior to the child's 18th birthday on May 6, 2018, the court should not have denied the mother's motion on the ground of lack of jurisdiction.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the child's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Here, based upon our independent factual review (see Matter of Gomez v Sibrian, 133 AD3d 658), we find that the record establishes that the child meets the age and marital status requirements for special immigrant status, and that the child has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court (see Matter of Pineda v Diaz, 127 AD3d 1203, 1203-1204). However, the record is insufficient to determine whether reunification of the child with the father is not viable due to parental neglect or abandonment, and whether it would not be in the best interests of the child to return to Honduras (see Matter of A.M.G. v Gladis A.G., 162 AD3d 768, 770; Matter of Alma D.G.-L. v Juan C.-P., 152 AD3d 516, 517).
Accordingly, we reverse the order, and remit the matter to the Family Court, Nassau County, for a hearing and a new determination thereafter of the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS (see Matter of A.M.G. v Gladis A.G., 162 AD3d at 770; Matter of Alma D.G.-L. v Juan C.-P., 152 AD3d at 517).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court