Matter of Briceyda M. A. X. (Hugo R. A. O.--Maria H. X. C.) (2021 NY Slip Op 00180)





Matter of Briceyda M. A. X. (Hugo R. A. O.--Maria H. X. C.)


2021 NY Slip Op 00180


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2020-09235
 (Docket Nos. G-07370-18, G-07371-18, G-07372-18)

[*1]In the Matter of Briceyda M. A. X. (Anonymous), appellant. Hugo R. A. O. (Anonymous), respondent-respondent; Maria H. X. C. (Anonymous), nonparty-respondent. (Proceeding No. 1.)
In the Matter of Ingrid C. A. X. (Anonymous), appellant. Hugo R. A. O. (Anonymous), respondent-respondent; Maria H. X. C. (Anonymous), nonparty-respondent. (Proceeding No. 2.)
In the Matter of Dulce P. A. X. (Anonymous), appellant. Hugo R. A. O. (Anonymous), respondent-respondent; Maria H. X. C. (Anonymous), nonparty-respondent. (Proceeding No. 3.)


Davis Polk & Wardwell LLP, New York, NY (Hannah B. Gerstenblatt and Corey M. Meyer of counsel), for appellants.
Larry S. Bachner, Jamaica, NY, for respondent-respondent.
Simpson Thacher & Bartlett LLP, New York, NY (Brooke E. Cucinella and Alison M. Sher of counsel), for nonparty-respondent.



DECISION & ORDER
In guardianship proceedings pursuant to Family Court Act article 6, the subject children appeal from an order of the Family Court, Queens County (Lauren Norton Lerner, Ct. Atty. Ref.), dated November 17, 2020. The order, after a hearing, denied the subject children's motions for the issuance of orders, inter alia, making specific findings so as to enable them to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the facts, without costs or disbursements, the subject children's motions for the issuance of orders, inter alia, making specific findings so as to enable them to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) are granted, and it is found that reunification of the subject children with their father is not viable due to parental abandonment and neglect and that it would not be in the best interests of the subject children to return to Guatemala, their previous country of nationality and last habitual residence.
On April 11, 2018, the three subject children, Briceyda M. A. X., Ingrid C. A. X., and Dulce P. A. X., filed separate petitions pursuant to Family Court Act article 6 to have their mother appointed as their guardian. On July 18, 2018, the children separately moved for the issuance of orders declaring that they were dependent on the Family Court and making specific findings that they are unmarried and under 21 years of age, that reunification with their father was not viable due to parental abandonment and neglect, and that it would not be in their best interests to be returned to Guatemala, their previous country of nationality and last habitual residence, so as to enable them to petition the United States Citizens and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). The father, who was living in New Jersey, opposed the mother being appointed as guardian for the children and opposed the children's motions for special findings. The Family Court appointed the mother as guardian of the children. However, after a hearing, in an order dated November 17, 2020, the court denied the children's motions. The children appeal.
"Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a 'special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620 [citations omitted]; see 8 USC § 1101[a][27][J]; 8 CFR 204.11[c][6]).
"'While the credibility assessment of a hearing court is accorded considerable deference on appeal, where, as here, the Family Court's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court'" (Matter of Norma U. v Herman T.R.F., 169 AD3d 1055, 1056-1057, quoting Matter of Dennis X.G.D.V., 158 AD3d 712, 714). Here, based upon our independent factual review, the record supports a finding that reunification of the children with their father is not viable due to the father's abandonment of the children Briceyda M. A. X. and Dulce P. A. X., and educational neglect of the child Ingrid C. A. X. (see Matter of Victor R.C.O. [Canales], 172 AD3d 1071, 1072; Matter of Rina M.G.C. [Oscar L.G.-Ana M.C.H.], 169 AD3d 1031, 1033; Matter of Dennis X.G.D.V., 158 AD3d at 714-715; Matter of Enis A.C.M. [Blanca E.M.-Carlos V.C.P.], 152 AD3d 690, 692; Matter of Diaz v Munoz, 118 AD3d 989, 991). Further, the record supports a finding that it would not be in the best interests of the children to return to Guatemala, their previous country of nationality or country of last habitual residence (see Matter of Guardianship of Keilyn GG. [Marlene HH.], 159 AD3d 1295, 1297; Matter of Diaz v Munoz, 118 AD3d at 991; Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 109).
Accordingly, the Family Court should have granted the children's motions for the issuance of orders, inter alia, making the requisite declaration and specific findings so as to enable them to petition for SIJS.
The father's contention that the Family Court should not have appointed the mother as guardian of the children is not properly before us.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court